UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLAYTON-M. BERNARD-EX, | Case No.: 2:25-cv-00569-APG |
| Plaintiff | **Order Denying Motion for Leave to Proceed in Forma Pauperis** |
| v. | [ECF No. 1] |
| M.L. WICKS TRUST, et al., | |
| Defendants | |

    Pro se plaintiff Clayton-M. Bernard-Ex filed an application to proceed in forma pauperis. ECF No. 1. I deny the application because it appears he can pay the filing fee. I will give him an opportunity to explain whether my analysis is incorrect. As a courtesy, I also point out why his proposed complaint is fatally defective.

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." There "is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [in forma pauperis] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

    The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation omitted). If an individual is unable or unwilling to verify their poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, No. 06-56042, 271 Fed. App'x 578, 2008 WL 819197, at *1 (9th Cir. March 24, 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed in forma pauperis because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds for denying an in forma pauperis application. *See, e.g.*, *Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after a litigant misrepresented assets on his in forma pauperis application).

In response to question five of his application, Bernard-Ex indicates that he owns a home worth $388,300 with no mortgage or debt owed on it. ECF No. 1 at 3-4. Given that, it appears he can afford to pay the filing fee in this case through, for example, a loan secured by the house. I grant Bernard-Ex leave to file an amended application if he can demonstrate why my analysis is incorrect. Or, he can pay the filing fee.

I take this opportunity to point out that Bernard-Ex's proposed complaint (ECF No. 1-1) appears to contain several fatal defects. First, the complaint claims this court can exercise diversity jurisdiction over this case, but it fails to identify the citizenship of all of the parties. Indeed, it appears complete diversity of citizenship is lacking because the complaint alleges that several of the defendants reside in Nevada and Bernard-Ex lists his own address in Las Vegas. *Compare* ECF No. 1-1 at 4 *with* ECF No. 1-1 at 13. Thus, this court cannot exercise jurisdiction over the proposed complaint.

Second, the complaint fails to explain what the defendants did to give rise to the causes of action. Bernard-Ex makes vague reference to holding "a perfected security interest in the assets and property associated with the named Defendants" (ECF No. 1-1 at 6) but does not identify those properties or what has happened to interfere with his alleged security interest. He

2

1 attaches several purported UCC Financing Statements that he filed in Bryan County, Georgia,
2 which suggests that the subject properties are located there. ECF No. 1-1 at 13-34.  Thus, it does
3 not appear that this is the proper venue for this case.  And those financing statements refer to
4 persons and entities with California addresses who are named as defendants, calling into doubt
5 whether this court can exercise personal jurisdiction over them.

6       Next, Bernard-Ex alleges the defendants engaged in fraud (ECF No. 1-1 at 6), but he does
7 not plead that claim with particularity as required by Federal Rule of Civil Procedure 9(b).

8       Finally, Bernard-Ex has been designated a vexatious litigant and must seek the court's
9 prior approval to "file any pleadings or papers with this court that relate in any way to initiating
10 new litigation or removing any action that is related, directly or indirectly, to the 2019 state
11 action (Las Vegas Justice Court, Case No. 19C011528) brought against him by Catamount
12 Properties 2018, LLC involving the real property located at 8221 Hydra Lane, Las Vegas,
13 Nevada 89128 . . . ." *See* Case No. 2:24-cv-01834 at ECF No. 37.  Given the vagueness in
14 Bernard-Ex's proposed complaint, it is unclear whether his claims relate to that case or property.
15 If so, he must notify the court as required by the vexatious litigant order.

16       I will give Bernard-Ex another opportunity to file a complete in forma pauperis
17 application if he can explain why he cannot afford to pay the filing fee despite owning a valuable
18 home free of debt.  If he files a new application, he must attach a proposed complaint that cures
19 the issues pointed out above.  Alternatively, Bernard-Ex may pay the filing fee in full, but his
20 complaint still should correct these defects or it will be subject to dismissal.

21       I THEREFORE ORDER that Clayton-M. Bernard-Ex's application to proceed in forma
22 pauperis **(ECF No. 1) is DENIED without prejudice**.  Bernard-Ex has until May 8, 2025 to file
23

3

an updated application to proceed in forma pauperis as specified in this order or pay the filing fee.  Failure to timely comply with this order will result in this case being closed.

DATED this 15th day of April, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE