UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MR. CLAYTON-M. BERNARD-EX, | Case No.: 2:25-cv-00569-APG |
| Plaintiff | **Order (1) Directing Clerk to File Complaint, (2) Dismissing Complaint, (3) Denying Motion to Recuse, and (4) Denying Motion to Serve** |
| v. | |
| M.L. WICKS TRUST, et al., | [ECF Nos. 12, 17] |
| Defendants | |

I previously denied Mr. Clayton-M. Bernard-Ex's application to proceed in forma pauperis. ECF No. 9. He then paid the filing fee. ECF No. 15. I therefore direct the clerk of court to file his complaint (ECF No. 1-1).

As I pointed out in my prior order (ECF No. 9), Bernard-Ex's complaint is fatally defective. First, this court lacks subject matter jurisdiction over it. The complaint invokes the court's diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1-1 at 3. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. Complete diversity of citizenship is lacking here because the complaint alleges that several of the defendants reside in Nevada and Bernard-Ex lists his own address in Las Vegas. *Compare* ECF No. 1-1 at 4 *with* ECF No. 1-1 at 13. Thus, this court cannot exercise jurisdiction over this case so I must dismiss it.

Second, the complaint fails to explain what the defendants did to give rise to Bernard-Ex's claims. Bernard-Ex makes vague reference to holding "a perfected security interest in the assets and property associated with the named Defendants" (ECF No. 1-1 at 5-6) but does not identify those properties or what has happened to interfere with his alleged security interest. Federal Rule of Civil Procedure 8(a)(1)(2) requires the complaint to state "a short and plain

statement of the claim showing that the pleader is entitled to relief." While lengthy factual statements are not needed, the complaint must allege sufficient facts to show that the plaintiff has a plausible claim against each defendant. Bernard-Ex's complaint is devoid of such factual allegations, so I dismiss it for that reason as well.

Bernard-Ex alleges the defendants engaged in fraud (ECF No. 1-1 at 6), but he does not plead that claim with particularity as required by Federal Rule of Civil Procedure 9(b). I dismiss this claim for that reason as well.

Attached to the complaint are several purported UCC Financing Statements that Bernard-Ex filed in Bryan County, Georgia, which suggests that the subject properties are located there. ECF No. 1-1 at 13-34. And those financing statements refer to persons and entities with California addresses who are named as defendants in this case. Thus, it does not appear that the District of Nevada is the proper venue for this case, and it is unclear whether this court can exercise personal jurisdiction over all of the defendants. I make no finding about venue or personal jurisdiction at this time; I merely point out this issue so Bernard-Ex may consider whether to pursue his claims against these defendants in this court.

Because Bernard-Ex is pursuing his claims pro se, and because it may be possible for him to properly allege claims against some of the defendants, I will grant him leave to file an amended complaint. If he chooses to file an amended complaint, he must allege sufficient facts to plausibly assert claims that come within this court's subject matter jurisdiction.

Bernard-Ex has moved for leave to serve defendant Michelle Artice Gardner by alternative means. ECF No. 12. Because I have dismissed Bernard-Ex's complaint, there is no pending complaint to serve. Thus, I deny this motion without prejudice to refile it if Bernard-Ex files a proper amended complaint.

Bernard-Ex also moves to recuse me from presiding over this case. ECF No. 17. I deny that motion. The motion is based upon my rulings in this case and in a prior case (Case No. 21-cv-00059). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). *See also United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (same). I remanded the 2021 case to the state court based on procedural reasons. Case No. 21-cv-00059 at ECF No. 6 (remanding case because Bernard-Ex, as plaintiff, cannot remove his own case to federal court). My rulings in this case are based on Bernard-Ex's procedural errors (failure to properly complete the *in forma pauperis* application) and his pleading failures. I have no bias or prejudice concerning Bernard-Ex, so recusal is inappropriate. Thus, his motion for recusal is denied.[1]

I THEREFORE ORDER the clerk of court to file Mr. Clayton-M. Bernard-Ex's complaint (ECF No. 1-1).

I FURTHER ORDER that Bernard-Ex's complaint is dismissed without prejudice. Bernard-Ex has until May 14, 2025 to file an amended complaint curing the defects pointed out above if he is able to do so. Or, he may bring his claims in an appropriate court. If he does not file an amended complaint by May 14, 2025, this case will be closed.

I FURTHER ORDER that Bernard-Ex's motion to serve Michelle Artice Gardner (ECF No. 12) is denied without prejudice.

/ / / /

---

[1] In addition, Bernard-Ex's motion would soon be moot even if I did not deny it. I was assigned to this case solely because Bernard-Ex is the subject of a vexatious litigant order in a prior case. As Chief Judge of this court, I screen proposed complaints by vexatious litigants before they may be filed. Based on Bernard-Ex's response (ECF No. 16 at 3) to my prior order, I find that his proposed complaint is not barred by the vexatious litigant order. If he is able to file an amended complaint, the case will be randomly reassigned.

I FURTHER ORDER that Bernard-Ex's motion to recuse (ECF No. 17) is denied.

DATED this 21st day of April, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE