UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CLAYTON-M. BERNARD-EX.,

    Plaintiff

v.

MICHELLE ARTICE GARDNER,

    Defendant

Case No.: 2:25-cv-00569-APG

**Order Denying Motion to Declare Defendant a Vexatious Litigant**

[ECF No. 28]

    Plaintiff Clayton-M. Bernard-Ex. moves to have defendant Michelle Artice Gardner declared a vexatious litigant based on filings Gardner has made in other courts. ECF No. 28. A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's due process right of access to the courts, a court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id.* "Nevertheless, flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (simplified).

    Before I can enter a pre-filing order, I must examine four factors. First, the litigant must have been "given notice and a chance to be heard before the order is entered." *Id.* I may satisfy "the requirement of providing an opportunity to be heard by written submission rather than an oral or evidentiary hearing." *Windsor v. Boushie*, 677 F. App'x 311, 311-12 (9th Cir. 2017). Second, I must "compile an adequate record for review." *Molski*, 500 F.3d at 1057 (quotation omitted). "An adequate record for review should include a listing of all the cases and motions" leading me to "conclude that a vexatious litigant order was needed." *Id.* at 1059 (quotation

omitted). Third, I "must make substantive findings about the frivolous or harassing nature of the [litigant]'s litigation." *Id.* at 1057. To determine whether the litigant's conduct is frivolous or harassing, I must evaluate "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* at 1059 (quotations omitted). The "ultimate substantive issue in resolving a motion for a pre-filing order [is] whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.* at 1058 (quotation omitted). "Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered." *Id.* at 1057 (simplified). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the district court or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id.* at 1061.

I deny Bernard-Ex.'s motion for several reasons. First, Gardner has not been served or appeared in this action, so she has not had notice and an opportunity to be heard. As for the nature of Gardner's filings, Bernard-Ex. notes that Gardner filed numerous cases in the Court of Federal Claims, which have all been dismissed. He also states that Gardner filed suit in the Central District of California and the Eastern District of New York. He states, without elaboration, that Gardner's conduct in other courts "constitutes an ongoing effort to harass, delay, and obstruct [his] case." ECF No. 28 at 5. It is unclear what any of Gardner's cases have to do with this case, as Bernard-Ex was not a defendant in any of those cases. And because there does not appear to be a connection between this case and Gardner's filings in other cases, a pre-filing order in this case would be overbroad.

Further, Bernard-Ex. seeks not only that I declare Gardner a vexatious litigant and enjoin her from filing cases or motions without leave of court, he also seeks compensatory and punitive

damages. ECF No. 28 at 4.  But Bernard-Ex. does not identify how Gardner's filings have harmed him, nor has he submitted proof of harm and damages.

I THEREFORE ORDER that plaintiff Clayton-M. Bernard-Ex.'s motion to declare defendant a vexatious litigant and for sanctions **(ECF No. 28) is DENIED**.

DATED this 28th day of April, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3