**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MR. CLAYTON-M. BERNARD-EX, | Case No. 2:25-cv-00569-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| MICHELLE ARTICE GARDNER, | |
| Defendant. | |

Before the Court are two motions from Plaintiff Mr. Clayton-M. Bernard-Ex. that request various forms of relief. ECF Nos. 31 and 32. The Court addresses each request, in turn, below:

***Correct caption.*** Mr. Clayton-M. Bernard-Ex. asks the Court to correct the case's caption to reflect his whole name. The Court denies this request as moot because the docket already accurately displays his entire name. Mr. Clayton-M. Bernard-Ex. also requests that the Court not shorten his name or use shorthand in reference to him in its orders, as it denies him due process. ECF No. 31. While the Court disagrees that the use of shorthand violates his due process, the Court, as a courtesy, will try its best to comply with Mr. Clayton-M. Bernard-Ex.'s request to reference him by his full name.

***Acknowledge Defendant's breach.*** Mr. Clayton-M. Bernard-Ex. asks the Court to acknowledge Defendant's breach. ECF No. 31. The Court denies this request because it is too early in the case to make factual and legal determinations.

***Preserve record for appeal.*** Mr. Clayton-M. Bernard-Ex. requests that the Court preserve the record for appeal. ECF Nos. 31 and 32. The Court denies this request as moot because preservation of the record occurs automatically; Mr. Clayton-M. Bernard-Ex. does not need to request such relief from the Court.

***Serve Defendant via publication.*** Mr. Clayton-M. Bernard-Ex. seeks to serve Defendant by publication. ECF Nos. 31 and 32. The Court denies this request without prejudice because it is not supported by a memorandum of points and authorities. *See* Local Rule 7-2(a). Should Mr.

Clayton-M. Bernard-Ex. choose to re-file his motion for alternative service, it must be supported by a memorandum of points and authorities and comply with the applicable rules of civil procedure. *See id.*; FED. R. CIV. P. 4(e); NEV. R. CIV. P. 4.4(c).

***Strike documents.*** Mr. Clayton-M. Bernard-Ex. asks the Court to strike Defendant's filings that contain false addresses. ECF No. 32. The Court denies this request because Defendant has not appeared in this case and has not filed any documents. Thus, there is nothing for the Court to strike. *See* ECF No. 14.

***Refer matter for prosecution.*** Mr. Clayton-M. Bernard-Ex. requests that the Court refer this matter for prosecution. ECF No. 32. The Court denies this request because it is not the Court's practice to refer matters for prosecution. Mr. Clayton-M. Bernard-Ex. is free to consult the United States Attorney's Office regarding potential prosecution should he deem it necessary.

***Sanction Defendant.*** Mr. Clayton-M. Bernard-Ex. asks the Court to sanction Defendant under Federal Rule of Civil Procedure 60(d)(3), the Court's inherent authority, Federal Rule of Civil Procedure 11, and 18 U.S.C. § 1001. ECF No. 32. The Court denies this request. Rule 60(d)(3) allows a court to set aside judgment for fraud on the court. There is no judgment in this case, and Defendant has not yet appeared, so no fraud "on the court" has occurred. As to the Court's inherent authority, Mr. Clayton-M. Bernard-Ex. has not identified any bad faith committed by Defendant *in this case*. The Court cannot sanction Defendant under Rule 11 because Defendant, again, has not appeared nor filed anything in this case. Finally, 18 U.S.C. § 1001 is a criminal statute that does not provide a basis for sanctions.

***Acknowledge jurisdiction.*** Lastly, Mr. Clayton-M. Bernard-Ex. asks the Court to acknowledge that it has jurisdiction. ECF No. 31. The Court denies this request because it is not apparent from Mr. Clayton-M. Bernard-Ex.'s First Amended Complaint (ECF No. 26) that the Court has subject matter jurisdiction. The FAC asserts that the Court has federal question jurisdiction, but it is unclear under which federal statutes Mr. Clayton-M. Bernard-Ex brings his causes of action for fraud and misrepresentation, abuse of process, and civil conspiracy. The FAC also asserts that the Court has diversity jurisdiction, but the FAC does not plead Defendant's citizenship nor the amount in controversy. Because the FAC fails to sufficiently plead subject

matter jurisdiction, Mr. Clayton-M. Bernard-Ex. must file an amended complaint by **June 13, 2025** that cures these deficiencies. Failure to do so may result in a recommendation that this case be dismissed.

## I. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Mr. Clayton-M. Bernard-Ex.'s Motion to Correct Caption and to Acknowledge Jurisdiction, Standing, and Breach of Agreement (ECF No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Mr. Clayton-M. Bernard-Ex.'s Motion for Sanctions and Referral for Fraud on the Court (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Mr. Clayton-M. Bernard-Ex. must file an amended complaint by **June 13, 2025**. Failure to do so may result in a recommendation that this case be dismissed.

DATED: May 14, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE