# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MR. CLAYTON-M. BERNARD-EX, | Case No. 2:25-cv-00569-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| MICHELLE ARTICE GARDNER, | |
| Defendant. | |

On May 28, 2025, Mr. Clayton-M. Bernard-Ex ("Plaintiff")[1] filed his Second Amended Complaint ("SAC"). ECF No. 41. Plaintiff attached a proposed order to the SAC in which he asked the Court to direct the Clerk of Court to accept and file the SAC and acknowledge that jurisdictional deficiencies were cured. The Court clarifies that the SAC sufficiently complies with the Court's prior order, which directed Plaintiff to file an amended complaint setting forth a basis for the Court's subject matter jurisdiction. *See* ECF No. 37. The Court declines to make definitive jurisdictional findings at this stage given that Defendant has not been served, has not yet appeared, and may raise jurisdictional challenges upon her appearance.

The Court also notes that because the SAC is substantively the same as the First Amended Complaint, the SAC does not violate the vexatious litigant order. *See* ECF No. 35. Based on this fact, along with the SAC's compliance with the Court's prior directives, the SAC will serve as the operative complaint. The Clerk of Court has already accepted and filed the SAC at ECF No. 41. Plaintiff must serve Defendant with the SAC and file proof of service by **August 26, 2025**. *See* FED. R. CIV. P. 4(m).

Plaintiff also moved to serve Defendant via publication. ECF No. 38. Nevada Rule of Civil Procedure ("NRCP") 4.4(c)(2)(B) requires a plaintiff to "provide affidavits, declarations, or

---

[1] Any reference by the Court to Mr. Clayton-M. Bernard-Ex as "Plaintiff" is solely for the sake of judicial efficiency and should not be interpreted as an attempt to shorten his full legal name or to deprive him of any rights therein.

other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant." Though Plaintiff's Motion mentions such efforts, he fails to attach an affidavit, declaration, or other evidence demonstrating his attempts to locate and serve Defendant. Without such evidence, Plaintiff's Motion does not establish that "the service methods provided in [NRCP] 4.2, 4.3(a) and (b) are impracticable" or that Defendant cannot be found after due diligence. *See* NEV. R. CIV. P. 4.4(c). As such, the Court denies Plaintiff's Motion for Leave to Serve Defendant by Publication without prejudice.

Lastly, Nevada law enables the Court to order Plaintiff "to make reasonable efforts to provide additional notice. . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication." NEV. R. CIV. P. 4.4(d)(1). Should Plaintiff file a renewed motion requesting service by publication, the Court will also require Plaintiff to attempt the other methods listed in NRCP 4.4(d)(1) as well. Thus, should Plaintiff seek to renew his motion, he must attach a declaration or other evidence describing what other efforts were undertaken.

## I.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Serve Defendant by Publication (ECF No. 38) is **DENIED**.

DATED: June 4, 2025

                                                                                    _____
                                                                                    BRENDA WEKSLER
                                                                                    UNITED STATES MAGISTRATE JUDGE